IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GUSTAVO RESENDIZ,<br><br>Plaintiff,<br><br>v.<br><br>SPARTANNASH ASSOCIATES,<br><br>Defendant. | 8:22CV173<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on defendant SpartanNash Associates's ("SpartanNash") Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(5) (Filing No. 11). SpartanNash argues pro se plaintiff Gustavo Resendiz ("Resendiz") "failed to serve process" by "failing to deliver the summons to an authorized individual at SpartanNash" and "attempting to service process himself as a party." *See* Fed. R. Civ. P. 4. Resendiz has not responded to the motion.

Resendiz filed this lawsuit on May 6, 2022 (Filing No. 1). He failed to serve the complaint on SpartanNash within 90 days, so on August 16, 2022, the Court issued an order to show cause (Filing No. 8). Resendiz then requested a summons on September 16, 2022 (Filing No. 9) but did not otherwise respond to the order to show cause.

On September 20, 2022, Resendiz filed a proof of service claiming SpartanNash was served that same day. Resendiz stated he "personally served the individual at Spartanash [sic] Associates 7401 F. Street" but provided no further details.

Rule 4(h)(1) states that a plaintiff can effectuate service on a corporation by complying with service-of-process requirements under either the relevant state law—here, Nebraska—or the federal rules. Nebraska law states a plaintiff can serve a corporation "by personal, residence, or certified mail service upon any officer, director, managing agent, or registered agent, or by leaving the process at the corporation's registered office with a

person employed therein, or by certified mail service to the corporation's registered office." Neb. Rev. St. § 25-509.01. Under the federal rules, a corporation is properly served through delivery of "a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1).

Resendiz's proof of service does not say who he allegedly served at SpartanNash nor whether that person was authorized to accept service. SpartanNash asserts in an affidavit[1] that it never received the summons—that "it has not been able to locate a copy of the summons or anyone who claims to have received the summons," and that it was only made aware of the lawsuit after "com[ing] across the docket online." SpartanNash contends this apparent deficiency in service warrants dismissal.

SpartanNash also points to another service issue: under Rule 4(c)(2), "a party" cannot serve a summons and complaint himself. If Resendiz "personally" served the summons—as he asserts in his proof of service—that was improper.

Without proper service, the Court has no personal jurisdiction over SpartanNash. *See Adams v. Allied Signal Gen. Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996). And SpartanNash's arguments challenging service appear to have merit. Given Resendiz's pro se status, however, the Court finds dismissal is not appropriate at this time. Instead, the Court will give Resendiz a reasonable opportunity to properly serve SpartanNash under Rule 4.

Based on the foregoing,

---

[1] "Normally the process server's return will provide a prima facie case as to the facts of service but if the defendant introduces uncontroverted affidavits in support of a motion to quash service, the content of those affidavits will be deemed admitted for purposes of the motion." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed. 2004). SpartanNash submitted an affidavit from Christopher Cadlo, a distribution director for SpartanNash, in support of its motion.

IT IS ORDERED:

1. SpartanNash Associates's Motion to Dismiss (Filing No. 11) is denied without prejudice to reassertion at a later time.
2. Gustavo Resendiz shall have forty (40) days to perfect service on SpartanNash Associates and file proof of service in accordance with Federal Rule of Civil Procedure 4.
3. Failure to timely comply with this Memorandum and Order could result in the dismissal of this case without further notice.

Dated this 8th day of December 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

3